IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

| | | |
|---|---|---|
| LAVERN TAYLOR, | ) | |
| | ) | CJ-2014-04554 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Attorney Lien Claimed |
| | ) | |
| D.J. ROOFING SUPPLY, INC. | ) | Mary Fitzgerald |
| | ) | |
| Defendant. | ) | |



DISTRICT COURT
FILED
NOV 2 6 2014
SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

## PETITION

COMES NOW the Plaintiff, Lavern Taylor, by and through his attorney of record, Daniel E. Smolen, of *Smolen, Smolen & Roytman, PLLC*, and brings this action against the Defendant, DJ Roofing Supply, Inc., for violation of Plaintiff's constitutionally protected rights arising out of his employment and termination by said Defendant. In support of his Petition, Plaintiff states as follows:

### PARTIES, JURISDICTION & VENUE

1. This is an action for damages and to secure protection of and to redress deprivation of rights secured by Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000-2, hereinafter ("Title VII").

2. Plaintiff, Lavern Taylor, an African American male and resident of the State of Oklahoma, filed a charge of discrimination against the Defendant with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff complained to the EEOC of discrimination based on his race.

3. Plaintiff received a Notice of Right to Sue on September 8, 2014, and this Petition has been filed within ninety (90) days of the receipt of the Notice of Right to Sue.

1



EXHIBIT
1

4. As such, Plaintiff has exhausted his available administrative remedies and has complied fully with all prerequisites in this Court under Title VII.

5. Compensatory damages are sought pursuant to 42 U.S.C. § 2000e-5(g).

6. Punitive damages are sought pursuant to 42 U.S.C. § 1981-A.

7. Costs and attorney's fees may be awarded pursuant to 42 U.S.C. § 2000e 5(g).

8. Plaintiff is a resident of Tulsa County, State of Oklahoma.

9. Defendant, D.J. Roofing Supply, Inc., operates in Tulsa County and regularly employs more than fifteen (15) employees.

10. The incidents and occurrences giving rise to Plaintiff's claims occurred in Tulsa County, State of Oklahoma.

11. Therefore, jurisdiction and venue properly lie in this Court.

## FACTS COMMON TO PLAINTIFF'S CLAIMS

12. Plaintiff incorporates the preceding paragraphs as if re-alleged.

13. Plaintiff began his employment with the Defendant in July 2010 as a part-time truck driver. Plaintiff was a loyal employee, and was moved to a full-time position in January 2012. During his employment with the Defendant, the Plaintiff received an increase in pay of $2.65.

14. Plaintiff is the only full-time African American employee.

15. Approximately six months to a year before his termination, the Plaintiff's direct supervisor began using racial slurs, primarily "nigger," and constantly told racially derogatory jokes in the Plaintiff's presence.

16. The Plaintiff told his supervisor to stop using this discriminatory language and making derogatory jokes, however his language and obvious contempt for African

2

Americans made it difficult for the Plaintiff to continue working for the Defendant. The supervisor's racist comments and jokes were severe and pervasive and the Plaintiff found the treatment to be racially hostile and offensive.

17. In February 2014, one of the Plaintiff's Caucasian co-workers, Sterlin Wilson, a white male, yelled "fuck you nigger" at the Plaintiff in the company parking lot, which instigated a physical altercation between the two employees.

18. Following this incident, the Defendant terminated the Plaintiff from his employment, while Mr. Wilson was not fired, and continues to work for the Defendant. This constitutes disparate treatment and discriminatory discharge based upon race.

## FIRST CLAIM FOR RELIEF
## DISCRIMINATION BASED ON RACE (TITLE VII)

19. Plaintiff incorporates the preceding paragraphs as if re-alleged.

20. By continually subjecting the Plaintiff to racial hostility, terminating the Plaintiff, and treating him differently than similarly-situated Caucasian employees in regards to termination, Defendant violated Title VII of the Civil Rights Act of 1964.

WHEREFORE, Plaintiff prays for judgment against Defendants for:

a. Back pay and lost benefits; front pay until normal retirement;
b. Compensatory damages for his mental anguish, pain and suffering and other non-pecuniary losses;
c. Punitive damages for the intentional and knowing acts of discrimination committed by Defendants' management and executives;
d. His attorney fees and the costs and expenses of this action;
e. Equitable Relief.
f. Such other relief as the Court deems just and equitable.

## SECOND CLAIM FOR RELIEF
### 42 U.S.C. § 1981

21. Plaintiff incorporates the preceding paragraphs as if re-alleged.

22. By continually subjecting Plaintiff to racial hostility, and ultimately terminating his employment, Defendant and its agents have violated 42 U.S.C §1981.

WHEREFORE, Plaintiff prays for judgment against Defendants for:

a. Back pay and lost benefits; front pay until normal retirement;
b. Compensatory damages for his mental anguish, pain and suffering and other non-pecuniary losses;
c. Punitive damages for the intentional and knowing acts of discrimination committed by Defendants' management and executives;
d. His attorney fees and the costs and expenses of this action;
e. Equitable Relief.
f. Such other relief as the Court deems just and equitable.

## THIRD CLAIM FOR RELIEF
### FAILURE TO ENSURE A NON-HOSTOLE WORK ENVIRONMENT

23. Plaintiff incorporates the preceding paragraphs as if re-alleged.

24. By continually subjecting Plaintiff to a hostile work environment and failing to properly ensure a non-hostile work environment, Defendant has violated Title VII of the Civil Rights Act of 1964.

WHEREFORE, Plaintiff prays for judgment against Defendants for:

a. Back pay and lost benefits; front pay until normal retirement;
b. Compensatory damages for his mental anguish, pain and suffering and other non-pecuniary losses;
c. Punitive damages for the intentional and knowing acts of discrimination committed by Defendants' management and executives;
d. His attorney fees and the costs and expenses of this action;
e. Such other relief as the Court deems just and equitable.

4

Respectfully submitted,

SMOLEN, SMOLEN & ROYTMAN, PLLC

Daniel E. Smolen, OBA No. 19943
701 South Cincinnati Avenue
Tulsa, OK 74119
(918) 585-2667
(918) 585-2669 (Fax)
*Attorneys for Plaintiff*